# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**ANTONIO LEE O'BANNON**                                                                                            **PLAINTIFF**

**v.**                                                                        **CIVIL ACTION NO. 3:25-CV-62-JHM**

**COMMONWEALTH OF KENTUCKY** *et al.*                                                              **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Plaintiff Antonio Lee O'Bannon initiated the instant *pro se* 42 U.S.C. § 1983 civil-rights action. Upon consideration of Plaintiff's application to proceed without prepayment of fees, **IT IS ORDERED** that the application (DN 3) is **GRANTED**. Because Plaintiff is proceeding *in forma pauperis*, the Court must screen this action pursuant to 28 U.S.C. § 1915(e)(2). For the following reasons, the action will be dismissed.

### I.

Plaintiff indicates that he is detained at the Kentucky Correctional Psychiatric Center (KCPC).[1] He sues the Commonwealth of Kentucky and "KCPC Commissioner" Randy White in his official and individual capacities.[2]

In the complaint, Plaintiff first references the Ex Post Facto clauses of the United States and Kentucky Constitutions. He asserts that they prohibit "the retroactive application of HB 310 to offenses that occurred prior to April 1, 2021." Plaintiff states:

> HB 310 creates a quasi-criminal statutory scheme in KRS Chapter 202C that be applied to qualifying offenses that occurred prior to April 1, 2021. In my case, I was arrested on 1/29/2021 when the 202C law came about on April 2, 2021. There is no retroactive card on the 202C Law or HB 310 isn't retroactive. And my arrest occurred prior to April 1 2021 HB 310 KRS chapter 202C.

---

[1] Based upon filings made in other actions brought by Plaintiff in this Court, it appears that he is involuntarily committed to KCPC under Ky. Rev. Stat. 202(C) after being found incompetent to stand trial. *See*, *e.g.*, *O'Bannon v. Dr. Allen*, No. 3:22-cv-628-JHM (DN 11); *O'Bannon v. K.C.P.C. et al*, No. 3:24-cv-573-JHM (DN 5).

[2] The Court takes judicial notice that Randy White is actually the commissioner of the Kentucky Department of Juvenile Justice. *See* https://djj.ky.gov/About%20DJJ/Pages/DJJleadership.aspx (last accessed Feb. 20, 2025).

Plaintiff attaches to the complaint documents which he states show that he does not meet the criteria for serious mental illness "as defined by Kentucky Revised statute." He also asserts that he has "Proof by prior convictions that I have been previously been determined to be competent. I also enclosed a copy of Proof that I have never been evaluated with KCPC doctors."

As relief, Plaintiff seeks damages and release from KCPC.

## II.

Under § 1915(e)(2)(B), the trial court must review and dismiss the complaint, or any portion of the complaint, if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**III.**

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. Defendant Commonwealth of Kentucky**

A state is not a "person" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Additionally, the Eleventh Amendment acts as a bar to all claims for relief against the Commonwealth. A state may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment, or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-46 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119-24 (1984); *Alabama v. Pugh*, 438 U.S. 781, 781-82 (1978). In enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). "[T]he Eleventh Amendment is a true jurisdictional bar" to such claims. *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015).

Thus, the Court will dismiss Plaintiff's claims against the Commonwealth of Kentucky for failure to state a claim upon which relief may be granted and for seeking monetary damages from a defendant who is immune from such relief.

**B. Defendant Randy White**

**1. Official-Capacity Claim**

As stated above, although Plaintiff indicates that Defendant White is the "KCPC Commissioner," he is actually the commissioner of the Kentucky Department of Juvenile Justice. However, either way, he is a state official. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from a state official in his official capacity, he fails to state a cognizable claim against him under § 1983. Plaintiff's official-capacity claim against Defendant White also fails because claims against state officials in their official capacities are deemed claims against the Commonwealth of Kentucky and are, therefore, barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

Thus, Plaintiff's official-capacity claim against Defendant White must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary damages from a defendant who is immune from such relief.

**2. Individual-Capacity Claim**

Plaintiff's individual-capacity claim against Defendant White must be dismissed for failure to state a claim because the complaint contains no allegations against him. *Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").[3]

---

[3] Even if Plaintiff's damages claims were not subject to dismissal for the reasons set forth herein, they would nonetheless be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), as this Court explained in its Memorandum Opinion dismissing Plaintiff's claims on initial review in *O'Bannon v. K.C.P.C*, No. 3:24-cv-573-JHM (DN 5).

4

**C. Injunctive Relief**

Finally, the Court turns to Plaintiff's request that he be released from KCPC in light of the claims set forth in the complaint. Plaintiff cannot seek such relief in this § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). Indeed, "it is well-established that a writ of habeas corpus provides the exclusive remedy where a civil mental health commitment is challenged." *Oskuie v. Yakush*, No. 1:24-cv-0128 JLT BAM (PC), 2024 U.S. Dist. LEXIS 101863, at *3 (E.D. Cal. June 7, 2024) (citing *Seling v. Young*, 531 U.S. 250 (2001) (involving a habeas corpus challenge under 28 U.S.C. § 2254 to a civil judgment of commitment under a state sex offender statute)); *Jackson v. Foti*, 670 F.2d 516 (5th Cir. 1980) (addressing a federal habeas corpus challenge seeking release from confinement in a state hospital); *Souder v. McGuire*, 516 F.2d 820, 823 (3d Cir. 1975) ("There is no question about the appropriateness of habeas corpus as a method of challenging involuntary commitment to a mental institution")); *see also Wertz v. Cnty. of Blair*, 469 F. App'x 73, 74 (3d Cir. 2012) ("[t]o the extent that . . . [a civil rights complainant] states in his complaint that he seeks immediate release from civil commitment, we note that his sole federal remedy is a writ of habeas corpus"); *Carter v. Bickhaus*, 142 F. App'x 937, 938 (8th Cir. 2005) ("[a]s for [a civilly committed civil rights complainant's] request for release, we agree with the district court that such relief is not available under 42 U.S.C. § 1983, but is properly sought in a habeas corpus petition after exhaustion of state remedies"); *Savinski v. Thornton*, 93 F. App'x 923, 924 (7th Cir. 2004) (stating that civilly committed detainee's "goal is release, which requires use of § 2254[]").

## IV.

The Court will enter a separate Order dismissing this action for the reasons set forth herein.

Date: February 21, 2025

*Joseph H. McKinley Jr., Senior Judge*
United States District Court

cc:     Plaintiff, *pro se*
4414.011